IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKY D. CARTER, JR., | : | |
| | : | |
| Plaintiff | : | No. 4:CV-07-2257 |
| | : | |
| v. | : | (McClure, J.) |
| | : | |
| MICHAEL J. ASTRUE, | : | (Magistrate Judge Smyser) |
| Commissioner of Social Security, | : | |
| Defendant | : | |

**O R D E R**

July 8, 2008

**BACKGROUND:**

On December 13, 2007, plaintiff Ricky D. Carter, Jr. commenced this civil action under 42 U.S.C. § 405(g). Carter appeals the Commissioner's decision to deny disability benefits and asserts that the Commissioner's decision was not supported by substantial evidence.

The matter was initially referred to United States Magistrate Judge J. Andrew Smyser.

On June 20, 2008, the magistrate judge filed a twenty-page report and recommendation. (Rec. Doc. No. 10.) The magistrate judge found that the ALJ's decision to deny benefits was not based on substantial evidence and recommended that the appeal be granted and the case remanded to the Commissioner for further

consideration.  (Id. at 20.)

On July 2, 2008, defendant filed objections to the report and recommendation.  (Rec. Doc. No. 11.)  For the following reasons, we will adopt the magistrate judge's report and recommendation in its entirety, grant plaintiff's appeal, and remand the case to the Commissioner for further consideration.

**DISCUSSION:**
### I.  Standard of Review

We have jurisdiction to hear this claim pursuant to 42 U.S.C. § 405(g).  Our role is to determine whether there is substantial evidence in the administrative record to support the Commissioner's decision and findings of fact.  42 U.S.C. § 405(g); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).  "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) (quoting Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  "It is less than a preponderance of the evidence but more than a mere scintilla."  Id.  The substantial evidence standard is a deferential standard of review.  Id.

A district court reviews de novo those portions of a magistrate judge's report

and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## II. Analysis

There is a five-step evaluation process to determine whether an individual is disabled for purposes of Supplemental Security Income disability benefits. 20 C.F.R. § 416.920. The Commissioner must sequentially determine: (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe impairment; (3) whether the applicant's impairment meets or equals a listed impairment; (4) whether the applicant's impairment prevents the applicant from performing past relevant work; and (5) whether the applicant's impairment prevents the applicant from doing any other work, taking into consideration the applicant's residual functional capacity, age, education and work experience. Id.

The instant action was ultimately decided at the fourth step. First, the ALJ concluded that plaintiff was not engaged in substantial gainful activity and that he had severe impairments of diabetes, hypertension, asthma, chronic obstructive pulmonary disease, gout, obesity, and chronic kidney disease. (Tr., Rec. Doc. No. 7, at 14.) Yet, none of these severe impairments met or equaled a listed impairment. (Id.) The ALJ then concluded plaintiff had the residual functioning

capacity to perform a limited range of light work activity and is capable of returning to his past relevant work as a packager and order puller. (Id. 16.) The ALJ further concluded that based on this residual functioning capacity, plaintiff would also be capable of performing other work in the economy, such as hand packaging, hand assembly, inspection, and print shop jobs. (Id. at 17.) Based on these conclusions, the ALJ determined that plaintiff was not disabled. (Id. at 18.)

In his report and recommendation, the magistrate judge concluded that the ALJ's determination was not based on substantial evidence. (Rec. Doc. No. 10.) Specifically, he determined that the ALJ inappropriately rejected the opinion of plaintiff's treating physician without pointing to substantial medical evidence supporting an opposite view. (Id. at 11.) Therefore, the magistrate judge recommended that the case be remanded to the Commissioner for further consideration. (Id. at 20.)

As mentioned, defendant has objected to the magistrate judge's report and recommendation. (Rec. Doc. No. 11.) His objections appear to be substantially the same as the arguments he raised in his initial brief to the magistrate judge, all of which were rejected in the report and recommendation. (Rec. Doc. No. 9 at 9-10; Rec. Doc. No. 10, at 14-15.) Specifically, defendant asserts that the ALJ appropriately rejected Dr. Weis' opinion because: 1) Dr. Weis' ultimate conclusion

of disability is a finding reserved for the Commissioner 2) Dr. Weis' opinion was rendered in regard to an application for public welfare; 3) Dr. Weis used a check-marked form that included no functional assessment; and 4) Dr. Weis' opinion was contrary to the medical evidence in the record.  (Rec. Doc. No. 11, at 2.)

We agree with the magistrate judge's rejection of each of defendant's arguments.  As to defendant's first argument concerning Dr. Weis' ultimate opinion of disability, we believe that while this opinion does not mandate a conclusion that plaintiff is disabled, it certainly is entitled to weight as it provides an expert opinion that essentially opines that plaintiff does not have the residual functioning capacity to perform any level of substantial gainful activity.  (Rec. Doc. No. 10, at 14.)  Indeed, as the magistrate judge correctly notes, this court has seen many a case in which the Commissioner gives weight to a medical expert's opinion that a plaintiff is not disabled.  (Id.)  It only makes sense that the Commissioner do the same when the expert reaches the opposite conclusion.

As for defendant's argument concerning the fact that Dr. Weis' opinion was rendered in regard to an application for public welfare, we again conclude that this is not a basis for rejecting Dr. Weis' opinion.  Again, this is an argument that may go to the weight of Dr. Weis' opinion, but not as a basis for rejecting it entirely.  (Id. at 14-15.)

5

As to defendant's argument concerning Dr. Weis' use of a check-marked form that included no functional assessment, we again conclude that this is not a sufficient basis for rejecting Dr. Weis' opinion.  First, we note that defendant cites Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993), for the proposition that a form report in which the physician's only obligation is to check a box or fill in a blank constitutes weak evidence at best.  (Rec. Doc. No. 11, at 2.)  Yet, as the magistrate judge correctly noted, Mason concerned a form filled out by an examining physician, not a treating physician.  Mason, 994 F.2d at 1065.  Furthermore, Dr. Weis provided a diagnosis of diabetes, gout, chronic obstructive pulmonary disease, and kidney stones on the form.  (Tr., Rec. Doc. No. 7, at 175.)  Therefore, the use of this form to render an opinion is again not a sufficient basis for rejecting Dr. Weis' opinion, although it may go to the weight of his opinion.

Finally, we turn our consideration to defendant's final argument, which is that Dr. Weis' opinion was not consistent with the medical evidence in the record.  Unlike defendant's previous arguments, this is a sufficient basis for rejecting the opinion of a treating physician.  In his opinion, the ALJ noted that Dr. Weis' opinion of disability was based on plaintiff's conditions of diabetes, gout, chronic obstructive pulmonary disease, and kidney stones.  (Tr., Rec. Doc. No. 7, at 16.)  The ALJ went on to state that the ALJ "cannot assign significant weight to the

opinion of Dr. John Weis" because "[t]he record does not contain any pulmonary function study and shows that claimant's diabetes is well controlled" and that plaintiff's "daily activities do not support a finding of total disability." (Id.)

Dr. Weis is plaintiff's treating physician. 20 C.F.R. § 416.927(d) is a regulation concerning the evaluation of opinion evidence in social security disability determinations and states that the Commissioner will give more weight to opinions from treating sources because they are able to "provide a detailed, longitudinal picture of your medical impairment(s)." Similarly, Third Circuit precedent requires that an ALJ accord a treating physician's opinion great weight, especially when the opinion "reflects expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir.1999) (other citations omitted). Furthermore, we note that the ALJ may not reject a treating physician's opinion by making "speculative inferences from medical reports" or based on "his or her own credibility judgments speculation or lay opinion." Id. at 317-18 (citing Plummer, 186 F.3d at 429.) Rather, the ALJ may only reject the treating physician's opinion on the basis of contradictory medical evidence. Id.

As the magistrate judge correctly noted, defendant "presented no contrary

medical expert evidence to the ALJ." (Rec. Doc. No. 10, at 14.)  The ALJ simply stated that [t]he record does not contain any pulmonary function study and shows that claimant's diabetes is well controlled" and that plaintiff's "daily activities do not support a finding of total disability."  We conclude that this scant statement, supported by uncited medical evidence, is insufficient as a basis to reject the opinion of plaintiff's treating physician.  Rather, it appears to be the ALJ's attempt to make a "speculative inference from medical reports" as well as render an improper "lay opinion" that those reports are contrary to Dr. Weis' expert opinion.  Morales, 225 F.3d at 317-18.

Thus, we find that the ALJ's ruling was not supported by substantial evidence.  Therefore, we will grant plaintiff's appeal and remand the case to the Commissioner for further consideration consistent with this opinion.

**IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Judge J. Andrew Smyser's report and recommendation is adopted in full. (Rec. Doc. NO. 10.)

2. Plaintiff's appeal is granted and the case is remanded to the Commissioner of Social Security for further consideration.

3. The clerk is directed to close the case file.

    /s James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge